UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 13-111-KSF

FIFTH THIRD BANK                                                                                              PLAINTIFF

v.                                          **OPINION & ORDER**

ROBERT MCINTYRE and
BRAAN2 LIFE SCIENCES, LLC                                                                      DEFENDANTS

\* \* \* \* \* \* \* \* \*

Currently before the Court is the motion [DE #8] of the defendant, Robert McIntyre, to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that the Court lacks subject matter jurisdiction over this action. The plaintiff, Fifth Third Bank, objects to McIntyre's motion [DE #9]. For the reasons set forth below, McIntyre's motion to dismiss will be denied.

On April 17, 2013, Fifth Third Bank filed this civil action against McIntyre and Braan2 Life Sciences, LLC ("Braan2") based on the Defendants' alleged failure to pay amounts due on two promissory notes [DE #1]. In its complaint, Fifth Third Bank alleges subject matter jurisdiction "pursuant to 28 U.S.C. § 1332(a) due to the complete diversity of citizenship of the parties and an amount in controversy exceeding $75,000, exclusive of interest and costs." Fifth Third Bank makes the following allegations with respect to diversity jurisdiction: that it is "an Ohio banking corporation . . .authorized to conduct business in the Commonwealth of Kentucky;" that McIntyre "is domiciled in Kentucky" and "is a citizen of Kentucky"; and that Braan2 "is a Kentucky limited liability company with a principal office address of 1802 Lakewood Drive, Lexington, Kentucky," its "agent for service of process is Matthew Wiley, 651 Perimeter Drive, Lexington, Kentucky

40517," and "its sole member is McIntyre, who is a citizen of Kentucky." Furthermore, Fifth Third Bank alleges that in the notes executed by the Defendants, they submitted to the subject matter jurisdiction of this Court.

McIntyre argues that Fifth Third Bank has failed to satisfy the requirements of 28 U.S.C. § 1332(a), which provides federal district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000. . . and is between – (1) citizens of different States." 28 U.S.C. § 1332(a)(1). Courts have interpreted this statute to require that "all parties on one side of the litigation [must be] of a different citizenship from all parties to the other side of the litigation." *Citizens Bank v. Plasticware, LLC*, 830 F.Supp.2d 321, 325 (E.D.Ky 2011)(citing *Coyne v. Amer. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). The burden is on the plaintiff to establish diversity of citizenship. *Washington v. Sulzer Orthopedics, Inc.*, 76 Fed. Appx. 644-645-46 (6th Cir. 2009).

In order to establish diversity jurisdiction with respect to a corporation, the plaintiff must allege both its place of incorporation and its principal place of business. *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 Fed.Appx. 249, 250 (6th Cir. 2003); *Acwoo Intern. Steel Corp. v. Toko Kaium Kaish, Ltd.*, 840 F.2d 1284, 1290 n. 6 (6th Cir. 1988); *Averdick v. Republic Financial Services, Inc.*, 803 F.Supp. 37, 40 (E.D.Ky, 1992). McIntyre argues that Fifth Third Bank has only alleged that it is an "Ohio banking corporation" and that it is "a citizen of Ohio," but failed to allege any principal place of business. Fifth Third, however, has responded that its "Foreign Corporation Application for Certificate of Authority is on file with the Kentucky Secretary of State" and that its "2012 annual report on file with the Kentucky Secretary of State (the "2012 Annual Report") provides that Fifth Third's principal office is in Cincinnati, Ohio, with an address of 38 Fountain

Square Plaza, MD10AT76, Cincinnati, OH 45236." As a result, Fifth Third Bank is a citizen of Ohio for all purposes concerning this Court's subject matter jurisdiction.

McIntyre also argues that Fifth Third Bank has not properly alleged the citizenship of each member of Braan2. It is clear in this circuit that limited liability companies must be treated like partnership rather than corporations for diversity jurisdiction purposes. *Homfeld II, LLC v. Comair Holdings, Inc.*, 53 Fed.Appx. 731 ,732 ("a limited liability company is not treated as a corporation and has the citizenship of its members")(citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998). In its complaint, Fifth Third Bank alleges that Braan2 is a Kentucky limited liability company, that its principal place of business is Kentucky, and that its agent of service resides in Kentucky. The complaint also expressly asserts that Braan2's "sole member is McIntyre, who is a citizen of Kentucky." As a result, Braan2 is a citizen of Kentucky for all purposes concerning this Court's subject matter jurisdiction.

Thus, Fifth Third Bank, a citizen of Ohio for diversity of citizenship purposes, is completely diverse from McIntyre, a Kentucky citizen, and Braan2, a Kentucky citizen. Accordingly, diversity of jurisdiction under 28 U.S.C .§ 1332(a) is satisfied, and this Court has subject matter jurisdiction over this action. The Court, being fully and sufficiently advised, hereby **ORDERS** that McIntyre's motion to dismiss [DE #8] is hereby **DENIED**.

This July 8, 2013.

**Signed By:**

*Karl S. Forester* 

**United States Senior Judge**